IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **ELLEN CRONIN BADEAUX, LLC,** *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>**SONICSEO.COM, INC.,** *et al.*,<br><br>    Defendants. | No. 15-CV-0492-MV-WPL |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 29] and Defendants' Memorandum in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 30]. Plaintiffs timely responded [Doc. 32] and Defendants replied [Doc. 33]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that Defendants' Motion is well-taken in part and therefore will be **GRANTED IN PART.**

### BACKGROUND

Given the circumstances of this case, particular attention must be paid to the parties to this suit. Plaintiff Ellen Cronin Badeaux is "a solo-practitioner with a law practice in Covington, Louisiana." Doc. 32 at 1. She is a natural person and a "resident and domiciliary of St. Tammany, Louisiana." Doc. 9 ¶ 1.a. As is relevant in this suit, she states that she has formed two associated entities, one as a limited

1

liability company and the other as a corporation. Ellen Cronin Badeaux, LLC ("ECB") is a "Louisiana limited liability company law firm doing business in and domiciled in St. Tammany Parish, the State of Louisiana." *Id*. Confusingly, however, she states that Ellen C. Badeaux, LLC is a "Louisiana corporation and law firm doing business in and domiciled in St. Tammany Parish, the State of Louisiana." *Id*. A review of the Louisiana Secretary of State's online registry makes clear that only "Ellen C. Badeaux, LLC" is a legal entity in Louisiana; there is no mention of "Ellen Cronin Badeaux, LLC." *See* Louisiana Secretary of State, *Search for Louisiana Business Filings*, LOUISIANA DEPARTMENT OF STATE (Dec. 23, 2015) (https://coraweb.sos.la.gov/CommercialSearch/CommercialSearch.aspx?ReUse=Yes).

Defendant SonicSEO.com, Inc. ("SonicSEO") is a "New Mexico corporation doing business in the State of Louisiana." *Id*. at ¶ 1.b. SonicSEO is "an Internet marketing company that provides website development, customized Internet marketing solutions, and search engine optimization services." Doc. 30 at 1. Defendant Arvind Raichur is a natural person, a "resident of New Mexico and President of SonicSEO.com." Doc. 9 ¶ 1.b.

According to Plaintiff, these entities have "done business with SonicSEO and its predecessor companies as Ellen Cronin Badeaux, LLC since 2003." Doc. 32 at 1. Evidently, "Badeaux's advertising was initially solicited on 7 Jul 2003 by SonicSEO.com's predecessor companies, AttorneyLocate.com, which hosted an advertising directory website, and it's [sic] sister company, Allaw.com, which

designed individual websites." *Id.* On November 18, 2011, SonicSEO and ECB entered into a contract (the "Agreement") pursuant to which SonicSEO provided ECB with various website services. *See* Doc. 4-2 at 6-7.

This Agreement "was negotiated through telephone calls and email exchanges between the parties, and the contract(s) executed [sic] by Ellen Badeaux doing business as Ellen C. Badeaux, LLC." Doc. 32 at 2. Apparently, "SonicSEO and Ellen Badeaux routinely communicated through emails relative to performance of the contract, and the parties routinely exchanged draft documents via email" and the Parties "entered into an ongoing business relation that lasted for over twelve years" during which time "SonicSEO purposefully solicited additional business from Ellen Badeaux." *Id.*

According to Plaintiff, her "former AOL email address was hacked 8 Sept 2013." Doc. 1-1 at 6. As a result of this attack, Plaintiff was permanently denied access to her e-mail. *See id.* Consequently, she "contacted her webmaster, Sonicseo.com, Inc., and informed them her email had been hacked and [that the] contact information on her website needed to be changed." *Id.* Plaintiffs state that they received assurances that the relevant modifications had been made. *Id.* However, on "8 Jan 2015 Petitioner went to both her mobile website and desktop website and sent test emails and contacts (six in all). Of the six only one, [sic] email from her mobile website, [sic] was received." *Id.* at 7. Subsequent investigation revealed that although Badeaux's "email address on her desktop website was visibly changed, the link for her desktop website email and all contact forms for her mobile

and desktop websites were sending all contacts to her former AOL email address which had not been accessible since 8 Sep 2013." *Id* (phrasing original). "Hence," according to Plaintiffs, "sixteen months of contacts had been misdirected to a hacked, inoperable, inaccessible email address." *Id*.

On "or about January 14, 2015, Ellen Cronin Badeaux, LLC," after learning of this technical issue, "filed a 'Petition for Breach of Contract and Damages' for claims arising out of the Agreement in the 22nd Judicial District Parish of St. Tammany," in Louisiana. Doc. 30 at 2. Broadly stated, Plaintiffs assert that Defendants are liable for "lost revenue, wasted advertising expense, and emotional distress damages" caused by Defendants' failure "to correct coded website links," failure to "maintain the website" appropriately, and several other purported breaches of their Agreement. Doc. 9 ¶¶ 9.a, 9.b. Defendants then timely "filed a Notice of Removal from the 22nd Judicial District Parish of St. Tammany to the United States District Court for the Eastern District of Louisiana on April 29, 2015." Doc. 30 at 2. The action was subsequently transferred to this Court from the Eastern District of Louisiana pursuant to an order enforcing a forum selection clause in the Parties' Agreement. *See, e.g.*, Doc. 19 at 12. Defendants now move to dismiss Plaintiffs' First Amended Complaint, arguing that it fails to state a claim against Defendants and, in the alternative, that Defendant Raichur was not properly served. *See* Doc. 29. Given the nature of Defendants' arguments, the Court will address each of the Parties separately, in roughly the same manner as they are treated in Defendants' briefs.

## DISCUSSION

I. **Local Rule 7.1(a)**

Defendants, in an apparent effort to comply with Local Rule 7.1(a), note in their Motion to Dismiss that "[b]ecause of the dispositive nature of this motion, defendants did not seek the concurrence or opposition of opposing counsel pursuant to D.N.M.LR-Civ 7.1(a)." Doc. 29 at 1. Such an assumption is plainly not permitted by the Rule, which provides that, except in "*pro se* inmate cases," the "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-CIV.7.1(a). While the Court generally demands strict adherence to each of its Local Rules and is entitled to deny the instant Motion "summarily," given the permissive nature of the rule and the circumstances of this case, the Court will reach the merits of the Motion.

II. **Plaintiff Ellen Cronin Badeaux**

Defendant argues that Plaintiff Badeaux, the natural person, has not alleged any basis on which relief can be granted, because she "is not a party to the contract between Defendants and ECB" and "has not alleged in her Amended Petition that she has individually been damaged." Doc. 30 at 5. Indeed, Defendants continue, "Badeaux does not allege anything at all in her Amended Petition; instead, she only identifies herself as a plaintiff." *Id.* In response, Plaintiffs insist that "Badeaux contracted with SonicSEO and Arvind Raichur to create Badeaux's website and links page" and that "Ellen Badeaux has individual claims against SonicSEO and

Arvind Raichur as the party to the contract, or alternatively, as the third party beneficiary to the contract between SonicSEO and her LLC." Doc. 32 at 9.

 Neither of these contentions has merit. First, even a cursory review of the contract in this case reveals that the only two parties to it are SeonicSEO and "Ellen Cronin Badeaux, LLC." Doc. 4-2 at 6-7. Consequently, there can be no argument that Badeaux was, herself, a party to the contract. Second, Badeaux does not qualify as a "third party beneficiary" as that term is defined by New Mexico law, which applies by virtue of the choice of law provision in the Agreement. *See id.* at 7. *See also, e.g.*, Doc. 19 at 2-5 (discussing the forum selection clause and enforcing it in this case). In New Mexico, "[i]ncidental beneficiaries who are neither promisees of a contract nor parties to whom performance is to be rendered, but who will derive a benefit from its performance are not third-party beneficiaries." *Dollens v. Wells Fargo Bank, N.A.*, 356 P.3d 531, 542 (N.M. Ct. App. 2015). Here, the Agreement makes clear that the only entities who are promisees or to whom performance will be rendered are SonicSEO and "Ellen Cronin Badeaux, LLC." *See* Doc. 4-2 at 6-7. Thus, because Badeaux is neither a party to, nor a third party beneficiary of, the Agreement, she has no right to sue for its breach and, therefore, will be dismissed from this suit. *Dollens,* 356 P.3d at 542 ("It is a general rule of law that, aside from third-party beneficiaries, one who is not a party to a contract cannot maintain suit upon it.") (internal quotation marks omitted).

6

### III. Defendant Arvind Raichur

Second, Defendants contend that Plaintiffs have "named Arvind Raichur individually as a defendant in this matter" despite the fact that they do not "assert allegation[s] [that] would allow Arvind Raichur to be held individually liable in this case." Doc. 30 at 5. Ultimately, this argument resolves to a contention that "Plaintiffs' Amended Petition fails assert any allegations that could pierce the corporate veil" as might make Defendant Raichur liable in this case. *Id.* at 7.

New Mexico law governs this case, as provided for in the Parties' choice of law provision. *See, e.g.*, Doc. 19 at 2-5. In New Mexico, "piercing the corporate veil is an equitable remedy" that may only be applied where the "party seeking to pierce the corporate veil" makes: "(i) a showing of instrumentality or domination; (ii) improper purpose; and (iii) proximate causation." *Certain Underwriters at Lloyd's, London, Subscribing to Policy Number 501/NB03ACMD v. Nance*, 506 F. Supp. 2d 700, 709 (D.N.M. 2007). *See also Ag Services of America, Inc. v. Nielsen*, 231 F.3d 726, 737 (10th Cir. 2000) ("The second requirement for piercing the corporate veil is that the corporate form was used for an improper purpose. The improper purpose must be that of the parent corporation or the shareholder against whom the remedy is sought."). Piercing the corporate veil is an unusual remedy. *Sipma v. Massachusetts Cas. Ins. Co.*, 256 F.3d 1006, 1011 (10th Cir. 2001) ("to equate the shareholder with the corporation requires the piercing of the corporate veil, something courts do only in extraordinary circumstances."). Plaintiffs cannot meet either the first or second prong of this analysis.

Indeed, while Plaintiffs insist that they "contracted with SonicSEO and Arvind Raichur to create Badeaux's website and links page," and that "Arvind Raichur individually [] caused injury" by negligently hiring personnel, "failing to properly supervise personnel," and other negligent conduct, none of these allegations imply that SonicSEO was the alter ego or instrumentality of Defendant Raichur, nor that the limited liability company was formed for an improper purpose.  Doc. 32 at 9-10.  *See also Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1177 (D.N.M. 2006) ("To pierce the corporate veil and hold the shareholders, directors, or officers liable, a plaintiff must establish three elements: (1) instrumentality or domination; (2) improper purpose; (3) and proximate cause."). In short, nothing in the Plaintiffs' allegations can overcome the Court's "hesitation" in ignoring the corporate form.  *Jackson v. Volvo Trucks North America, Inc.*, 462 F.3d 1234, 1241 (10th Cir. 2006) ("where parties choose the corporate form and receive all the benefits that flow from that structure, we should be hesitant to ignore the consequences.").  Accordingly, the Court will dismiss Plaintiffs' claims as they pertain to Defendant Raichur.

**IV.     Plaintiff Ellen Cronin Badeaux, LLC**

Defendants next argue that the "Petition should also be dismissed due to ECB's lack of capacity to sue."  Doc. 30 at 8.  Defendants continue that "there appears to be confusion about the exact name of the corporate entity," noting that a "review of the Louisiana Secretary of State website shows there is no listing for Ellen Cronin Badeaux, LLC; however, there is a listing for Ellen C. Badeaux, LLC."

8

*Id.* That is, Defendants appear to revive their argument, first proffered in an earlier Motion to Dismiss, that Federal Rule of Civil Procedure 17(b) and Louisiana corporate law require that an entity must sue under its name, not a trade name, to enforce any right claimed by that entity. *See* Doc. 4 at 16-17. As noted above, the Court confirmed Defendants' investigation and has independently concluded that no entity named "Ellen Cronin Badeaux, LLC" is registered in Louisiana.

The Court finds that Defendants' analysis is correct, though for reasons different than those articulated in their prior Motion to Dismiss. Rule 17 of the Federal Rules of Civil Procedure requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "A real party in interest is a party that has a substantive right that is enforceable under applicable substantive law." *Pompa v. American Family Mut. Ins. Co.*, 506 F. Supp. 2d 412, 415 (D. Colo. 2007) (internal quotation marks omitted). "It is clear from the language of subsections (b)(1) and (b)(2) that they apply to individuals and corporations, respectively. Relevant here is subsection (b)(3), which applies to 'all other parties,' including limited liability companies such as Plaintiff." *Malibu Media, LLC v. Steiner*, 307 F.R.D. 470, 473 (S.D. Ohio 2015). *See also, e.g.*, *Merry Gentleman, LLC v. George and Leona Productions, Inc.*, 13 C 2690, 2014 WL 3810998, at *2 ("The capacity of a limited liability company to bring suit is governed by Rule 17(b)(3), which applies to 'all other parties.'"). Subsection (b)(3) of the Rule directs the Court to "the law of the state where the court is located." Fed. R. Civ. P. 17(b). The Court therefore turns to New Mexico substantive law.

9

The New Mexico Limited Liability Company Act states that "[s]uits may be brought by or against a limited liability company in its own name." N.M.S.A. § 53-19-57.  In the absence of New Mexico authority interpreting this provision, this Court reads this statutory language to require a limited liability company to sue in the name under which it is registered.  Thus, irrespective of the fact that "Ellen C. Badeaux, LLC" may do business as "Ellen Cronin Badeaux, LLC" it may only sue in its own name.

However, in keeping with its practice, this Court will not permit such a minor and technical drafting error to preclude this suit from reaching a resolution on the merits.  That is, as an exercise of its lenity and discretion, this Court has consistently endorsed the view that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).  *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1221 (W.D. Okla. 2012) ("Where a claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), leave to amend to cure the deficiency should be granted unless the Court determines that an amendment would be futile.").  Further, "[t]here is no [] requirement that a plaintiff must request leave to amend by filing a separate motion as opposed to requesting leave to amend in a response to a motion to dismiss." *S2 Automation LLC v. Micron Technology, Inc.*, 281 F.R.D. 487, 498 (D.N.M. 2012) (Browning, J.).  Here, the Court will permit Plaintiffs one final

opportunity to amend their complaint to ensure that the parties are correctly named in the caption or to ratify the complaint as contemplated in Federal Rule of Civil Procedure 17(a)(3).

## CONCLUSION

For the foregoing reasons, the Court dismisses both Defendant Raichur and Plaintiff Badeaux from this suit. "Ellen Cronin Badeaux, LLC" is **HEREBY ORDERED** to amend its name in the caption and file an appropriately-modified Second Amended Complaint against SonicSEO within thirty (30) days from the entry of this Memorandum Opinion and Order. This decision shall not prejudice SonicSEO's right to move this Court to dismiss the Second Amended Complaint after it is filed.

Dated this 27th day of January, 2016.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE