# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**Ellen Cronin Badeaux, LLC, et al.,**

    **Plaintiffs,**

vs.                                                                         No. 15-CV-0492-MV/WPL

**SonicSEO.com, Inc.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the court on Defendant's Motion to Dismiss Plaintiff's Second Amended and Supplemental Complaint for Breach of Contract and Damages, Doc. 36, filed March 14, 2016. For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED**.

## BACKGROUND

The allegations in the Second Amended Complaint ("SAC") supporting Plaintiff's claims are consistent with those set forth in the First Amended Complaint ("FAC"), and are fully set forth in the Court's Memorandum Opinion and Order dated January 27, 2016. Doc. 34. The Court incorporates those facts by reference herein. By way of summary, Plaintiff Ellen C. Badeaux, LLC, a law firm in Louisiana, contracted with Defendant AttorneyLocate.com, later SonicSEO.com ("SonicSEO"), for "website development, maintenance and search engine optimization." Doc. 35 ¶ 4. Defendant SonicSEO agreed to create a "Diamond Package website" for Plaintiff, which entailed "50 pages of Client website Content, and a links page," and the creation of a website for the Plaintiff, "http://edbadeaux.com." Doc. 35 ¶ 5.

After Plaintiff's AOL email account was hacked and rendered no longer accessible, Plaintiff contacted SonicSEO and informed it that "her email had been hacked and contact

1

information on her website needed to be changed." Doc. 35 ¶ 6. SonicSEO assured Plaintiff that corrections had been made to her website. *Id*. After these assurances, Plaintiff "expressed concern" to SonicSEO that her website traffic had decreased by a third during the fourth quarter of 2013 and a half during the first quarter of 2014. Doc. 35 ¶ 7. To determine whether emails were being sent to the correct email address Plaintiff "went to both her mobile…and desktop website[s] and sent test emails and contacts." Doc. 35 ¶ 10. Of the six emails that Plaintiff sent, only one email, sent from her mobile website, was received by Plaintiff in the correct email inbox. *Id*.

Plaintiff then contacted both SonicSEO and her information technology (IT) and email provider, Microland Computers, Inc. ("Microland"). *Id*. Microland determined that, while Plaintiff's email address on her desktop, which was created, maintained and designed by SonicSEO, was visibly changed, the link for her desktop website email and all client-contact forms for both her mobile and desktop emails were sending all contacts to her former AOL email address, which had been previously rendered inaccessible. *Id*.

The initial Complaint in this matter was filed on January 14, 2015 as a "Petition for Breach of Contract and Damages" in the 22nd Judicial District Parish of St. Tammany, Louisiana. Doc. 1-1. The Complaint alleged only breach of contract claims. After Defendants filed a Notice of Removal, the First Amended and Supplemental Petition for Breach of Contract and Damages ("FAC") was filed in the United States District Court for the Eastern District of Louisiana on May 19, 2015. Doc. 9. The FAC expanded on the initial Complaint by including several additional allegations referring to negligence, including negligent hiring, failing to properly supervise personnel and have proper procedures, etc. Doc. 9 ¶ 9.b.

In its prior Memorandum Opinion and Order granting in part Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, Doc. 34, this Court dismissed the individually named plaintiff and defendant, finding that the individually named plaintiff was neither a party to, nor a third-party beneficiary of the agreement at issue, *id*. at 6, and that the allegations failed to pierce the corporate veil in order to make the individually named defendant liable, *id*. at 7. The remaining Plaintiff, Ellen C. Badeaux, LLC ("Plaintiff"), filed its Second Amended Complaint ("SAC") on February 24, 2016, Doc. 35. Although the SAC amends the parties to the suit, the allegations remain unchanged from the FAC. The SAC lists six breaches of contract, including failure "to correct coded website links . . . to maintain the website . . . to monitor website activity . . . to test the six points of website contact . . . to review the code behind the website it created and designed; and . . . to act as a reasonable and prudent person would under the same or similar circumstances . . ." *Id*. ¶ 12. The SAC does not cite where these obligations originate in the contract, but states that Defendant was in "breach of its covenant of good faith and fair dealing in failing to perform rudimentary obligations under the Agreement and its actions caused economic and personal injury to plaintiff." *Id*. ¶ 15.

Plaintiff also claims in the SAC that Defendant is liable for negligent hiring, failures to train and supervise personnel, and failures to have proper procedures in place that would have avoided Plaintiff's damages, *id*. ¶ 13, stating that "[b]ecause defendant's misconduct was wanton, reckless, and fell far short of industry standards and resulted in harmful consequences to a substantial certainty, plaintiffs' losses and damages were caused by defendant's gross fault, and the limitation of liability clause in the Agreement between [Plaintiff] and [Defendant] is null and void under New Mexico law."  *Id*. ¶ 14.

# LEGAL STANDARDS

## I. Motion to Dismiss

Motions to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint must contain enough factual allegations that the claim is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*). However, mere "threadbare recitals of the elements of a cause of action, supported by…conclusory statements, do not suffice [to establish plausibility]." *Id*.

"The Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the [non-moving party]." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (citing to *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). "A complaint may be dismissed pursuant to [Rule] 12(b)(6) *only* "if the plaintiff can prove no set of facts to support a claim for relief." *David*, 101 F.3d at 1352 (citing to *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995)) (emphasis added).

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that, "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." A recitation of "facts upon which relief can be granted" does not necessitate pleading the prima facie elements of a claim. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-512 (2002). "Specific facts are not necessary; the statement need only 'give the defendant

fair notice of what the…claim is and the grounds upon which it rests." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing to *Erickson v. Pardus*, 551 U.S. 89 (2007)).

## II. Breach of Contract

The parties agree that New Mexico law applies to the Breach of Contract claim. Under New Mexico law, "[t]he plaintiff's burden of proof…in any action for breach of contract [is to prove:] the existence of a [contract], the breach thereof, causation, and damages." *Camino Real Mobile Home Park P'ship v. Wolfe*, 119 N.M. 436, 442 (1995) (overruled on other grounds by *Sunnyland Farms, Inc. v. Central N.M. Elec. Co-op, Inc.*, 301 P.3d 387 (2013)).

## DISCUSSION

Plaintiff's Second Amended Complaint alleges Defendant breached the contract:

1. By failing to correct coded website links;

2. By failing to maintain the website;

3. By failing to monitor website activity;

4. By failing to test the six points of website contact;

5. By failing to review the code behind the website it created and designed; and

6. By failing to act as a reasonable and prudent person would under the same or similar circumstances, and any and all other acts of negligence and breach of contract that may appear at the trial hereof, which acts of negligence and breach of contract were a proximate cause of the damages in question.

Doc. 35 at 5.

Defendant seeks dismissal of the Second Amended Complaint asserting that:

1. Plaintiff failed to state how Sonic breached its contract with Plaintiff or cite to the contractual provisions that Plaintiff claims Sonic breached; and

2. Plaintiff failed to allege that the contract created an obligation on the part of Sonic to do the acts Plaintiff alleged Sonic failed to do.

Doc. 37 at 2-3.[1] Defendant further asserts that the contract contains no language mandating the creation of a links page, nor does the contract contain any language that would require the Defendant to link the website to Plaintiff's email address. *See* Doc. 37 at 3.

The 2-page contract states that Defendant "has expertise in top search engine placement services" which "are focused on optimizing client's website for the following five major search engines: google.com, bing.com, aol.com, yahoo.com, and msn.com." Doc 41-1 at 1. The primary provision in the contract states that Defendant:

> "[Defendant] will create a Diamond Package website for Client for the Term and at the Price specified below. A Diamond Package website includes 50 pages of Client website Content, and a links page. Client website content consists of any and all information regarding Client contained on Client's website. Client is responsible for providing the Client website content except as described below. Failure of Client to provide or approve content for Client's website will not alter Client's obligation to make payment as set forth in this agreement."

*Id*. Secondary provisions in the contract state (i) Plaintiff and Defendant will "agree on the focus" of Defendant's services; (ii) Defendant will provide copyrighting services; (iii) Defendant will provide search engine placement services for Plaintiff's website; and (iv) Plaintiff will pay Defendant $999 per month to maintain service. *Id*. The second page of the contract contains only general terms and conditions. *Id*, Pg. 2.

Plaintiff's Second Amended Complaint states a claim because it identifies six areas with specific conduct, quoted above, by which Defendant allegedly breached the contract. *See* Fed. R. Civ. P. 8(a)(2-3) ("A pleading that states a claim for relief must contain…a short and plain

---

[1] On Reply, Defendant raises a new argument that Plaintiff agreed to a disclaimer provision among the General Terms and Conditions attached to the agreement that prevents Plaintiff from obtaining relief in this case. Doc. 41 at 2-4. The provision states that "SonicSEO specifically disclaims any warranty regarding placement on any search engine, the number of persons who will access your website or the ranking or appearance of client's website as a search result for a particular search term or phrase." *Id*. at 2. The Court rejects this argument for two reasons. First, Defendant cannot raise a new argument on reply if it would prejudice Plaintiff to not have an opportunity to respond. *Pippin v. Burlington Resources Oil and Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006). Second, even if Defendant had raised this argument in its motion, this provision appears to be irrelevant because Plaintiff's claims arise out of an alleged faulty link to her email address, not low traffic to her website.

statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought…"). Defendant's assertions that the contract fails to state a claim, because it fails to cite the contractual provisions that Defendant breached, is not persuasive. There is only one primary provision regarding Defendant: the obligation to create a website for Plaintiff. That provision, quoted above, is general, vague, and does not identify the specific actions Defendant must take to create the website and maintain the search engine placement services.

By setting forth the six areas of specific conduct which form the basis of her breach of contract claim, Plaintiff has asserted enough factual allegations to give Defendant fair notice of her claims and the grounds on which they rest. *See Khalik*, 671 F.3d at 1192 ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the…claim is and the grounds upon which it rests.") (quoted authority omitted). Those alleged facts are sufficient to state a claim for breach of contract that is plausible on its face. *See David*, 101 F.3d at 1352 ("The Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the [non-moving party].") (quoted authority omitted).

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended and Supplemental Complaint for Breach of Contract and Damages, Doc. 36, filed March 14, 2016, is **DENIED**.

Dated this 3rd day of October, 2017.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

7